49 CCPA
### Application of Milton E. HERR.

### Patent Appeal No. 6811.

United States Court of Customs
and Patent Appeals.
July 11, 1962.

Eugene O. Retter, Washington, D. C., for appellant.

Clarence W. Moore, Washington, D. C. (Jack E. Armore, Washington, D. C., of counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, RICH and SMITH, Judges, and Judge WILLIAM H. KIRKPATRICK.*

WORLEY, Chief Judge.

This is an appeal from the decision of the Board of Appeals affirming the Primary Examiner's rejection of all three claims in appellant's application for patent.[1] No claims were allowed.

Claim 1 is representative and reads:

"1. 9(11)-dehydro-17-alkyltestosterones represented by the following formula

wherein R' is selected from the group consisting of hydrogen and the acyl radical of a hydrocarbon carboxylic acid containing from one to twelve carbon atoms, inclusive, and wherein R is a lower-alkyl group containing less than three carbon atoms, and the 3-pyrrolidyl enamines thereof."

* United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of Judge O'CONNELL, pursuant to provisions of Section 294(d), Title 28 United States Code.

The single reference relied on is:

Herr et al. 2,769,019 October 30, 1956 (Filed July 9, 1953)

The claims are directed to derivatives of testosterone having the formula given in claim 1. Testosterone has the following formula, the numbering of the ring carbon atoms being indicated:

As can be observed from the above formulae, the claimed compounds differ from testosterone in the presence of a double bond between the 9 and 11 carbon atoms and the presence of "a lower alkyl group containing less than three carbon atoms" on the 17 carbon atom. Also the hydroxyl group may be acylated by a hydrocarbon carboxylic acid. In claim 3* the hydroxyl group is acylated and the alkyl group is a methyl radical, while in claim 4 the hydroxyl group is not acylated and the alkyl group is a methyl radical.

The Herr et al. patent discloses a compound of the formula:

1. Serial Number 583,923, filed May 10, 1956, as a division of application Serial Number 527,118, filed August 8, 1955.

wherein R is "selected from the group consisting of hydrogen and the acyl radical of an organic carboxylic acid." The patentees state:

> "The compounds of the present invention have interesting and important physiological properties, their androgenic and anabolic activity being among the most important. These compounds also are useful in the preparation of other physiologically active compounds. * * *"

The following résumé of the proceedings in the Patent Office is set forth to aid in better understanding the issues:[2]

Claims 1 through 3, all the claims then in the case, were finally rejected as unpatentable over Herr et al. Appellant filed, under Rule 132, 35 U.S.C.A.Appendix, an affidavit of one Dr. Stafford which compared the oral and parenteral activity of the Herr et al. compound and the claimed compound with standard compounds. The standard used for the oral test was 17-methyl testosterone which has the formula:

while the standard for parenteral activity was testosterone propionate. The results of the tests are summarized in the following table:

| Type of test | Activity Herr et al. | Appellant |
|---|---|---|
| Oral Anabolic | inactive | 16% of standard |
| Parenteral anabolic | 21% of standard | 63% of standard |
| Parenteral androgenic | 13% of standard | 20% of standard |

———◆———

The examiner thereupon indicated that the claims were allowable, stating:

> "The amendments, filed May 1, 1958 and June 25, 1958 and the affidavit filed May 1, 1958 place the case in condition for allowance."

and suggested claim 4 for the purpose of interference.

An interference was declared, but on motion by appellant was dissolved on the ground that the other party could not make the count.

Upon resumption of ex parte prosecution, the examiner withdrew allowance of claims 1 to 4 and reinstated the rejection on Herr et al., stating:

> "The allowance of the claims (Paper No. 12.) was improper and inadvertent since it was predicated on the showing in an affidavit under Rule 132, filed May 1, 1958, Paper No. 6. This affidavit demonstrates a superiority of the claimed compounds to the compounds of the reference as to oral anabolic and parenteral anabolic and androgenic activities. However, the instant specification discloses no utility for the claimed compounds other than as *intermediates* for the production of *other compounds* having oral anabolic and androgenic activity. Therefore the affidavit cannot be ac-

---

**2.** This deals only with the divisional application presently before us.

cepted and the rejection on Herr is still tenable. * * * "

In addition, the examiner was of the opinion that the compounds of the reference are "the lower homologs of the claimed compounds."

Appellant cancelled claim 2 and submitted a second affidavit stating that prior to the filing of the parent application he knew that the claimed compounds had oral anabolic and androgenic activity.

On appeal from the examiner's final rejection, the board discussed the theory of homology and concluded, we think correctly, that:

" * * * In essence, the name which may be given to a related compound is of no great importance, it is the closeness of the relationship which is indicative of the obviousness or unobviousness of the new compound. In the present case, we believe that it would be obvious to a chemist of ordinary skill in this art to substitute a methyl group on one of the ring carbons. * * * "

The board then discussed appellant's specification at length before stating that it found "nothing in the specification which distinctly attributed androgenic and anabolic activity" to the claimed compounds and added:

" * * * we must conclude that the examiner was correct in rejecting the appealed claims as being obvious to a person of ordinary skill in the art from a consideration of the Herr et al. patent, the claimed compounds not possessing any unobvious or unexpected properties within the ambit of the original disclosure. * * * "

That position was adhered to upon reconsideration.

Appellant contends here, as below, that (1) the claimed compounds would not be obvious to a person of ordinary skill in the art, and (2) the Stafford affidavit establishes that the claimed compounds

possess "unexpected properties within the ambit of the original disclosure" since the application as filed "contains a teaching that the compounds of the appealed claims possess anabolic and androgenic activity."

The issue here is one of obviousness under 35 U.S.C. § 103, and it is to that question that we direct our attention.

With respect to appellant's contention that the claimed compounds would not be obvious in view of the state of the art at the time of his invention, the record shows that the Herr et al. compounds and the standards, testosterone and 17-methyltestosterone, were then known. The only structural distinction in appellant's compounds over those of Herr et al. is the presence of a methyl group in the 17 position of the claimed compounds. It is noted that the two compounds used as standards in the art have exactly the same structural difference. It therefore appears, as the board held, that the 17-methyl derivative of Herr et al. would be an obvious structural change to a chemist of ordinary skill in that field.

Appellant additionally alleges that his compounds possess unexpected properties and those properties should be considered in determining obviousness. We agree with that proposition generally, In re Petering and Fall, 301 F.2d 676, 49 C.C.P.A. ——, but we think it is subject to the holding of this court in In re Lundberg, 253 F.2d 244, 45 CCPA 838, which states that if "that advantage is not disclosed in appellant's application" he is "not in a favorable position to urge it as a basis for the allowance of claims."

Does appellant's specification disclose that the claimed compounds have oral anabolic and androgenic activity? The board thoroughly analyzed appellant's specification yet was unable to find such a disclosure. We have also studied the specification at length but are of the opinion that it would not teach one skilled in the art that the claimed

compounds possess the activity now ascribed to them.

The decision is affirmed.

Affirmed.

RICH, Judge concurs in result only.

MARTIN, Judge, did not sit or participate because of illness.