**Application of Thomas Ellis DAVIES and Hubert Brian Hopkins.**

**Patent Appeal No. 8836.**

United States Court of Customs and Patent Appeals.

April 5, 1973.

Bernd W. Sandt, Midland, Mich., attorney of record, for appellants.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents. Fred E. McKelvey, Washington, D. C., of counsel.

Before MARKEY, Chief Judge, and RICH, ALMOND, BALDWIN, and LANE, Judges.

ALMOND, Senior Judge.

This is an appeal from the decision of the Patent Office Board of Appeals sustaining the examiner's rejection of claims 1–11 and 13–23, all the claims in appellants' application [1] entitled "Improved Polystyrene." In their brief

1. Serial No. 851,660, filed July 7, 1967 as a continuation-in-part of application serial No. 89,-938 filed February 17, 1961.

**668**

before this court, appellants "abandoned" their appeal insofar as it concerns claims 1–6, 8–11 and 14–18. Accordingly, the appeal is dismissed as to those claims. Claims 7, 13 and 19–23 remaining in the case stand rejected as unpatentable under 35 U.S.C. § 103. For reasons appearing hereinafter, we affirm.

Appellants' invention relates to so-called "toughened styrene polymers." According to their specification, such polymers are made by polymerizing styrene with a comonomer, if desired, in the presence of a suitable toughening agent. This agent, a preformed rubbery polymer, is dissolved in the monomeric styrene and comonomer, if used, and the resulting solution is polymerized by a suitably initiated free radical process. The process is carried out in such a way that the bulk of the styrene and comonomer are polymerized to form a solid matrix of either a homopolymer or copolymer of styrene in which discrete particles of the rubber employed as a toughening agent are dispersed. A minor portion of the styrene is said to react with the rubber in a manner which cross-links the latter.

The appealed claims are limited to compositions in which the toughening agent is a rubbery copolymer of styrene and butadiene wherein at least 30 percent of the butadiene portion is in the "cis" configuration. Claim 7 is representative:

> 7. A composition comprising a major proportion of a styrene polymer selected from the group consisting of homopolymers and copolymers of styrene and copolymers of the nuclear methyl substituted styrenes having a softening point greater than 70°C., and as a toughening agent a minor proportion of a butadiene/styrene copolymer containing a major proportion by weight of polymerized butadiene units in which at least 30% of

2. Typically a polymer of butadiene will contain at least some of each of the three types of repeating units. By varying the

the polymerized butadiene units have the formula:

 and

the stereo configuration about the double bond is cis.

The repeating polymer unit derived from butadiene is in the cis configuration as shown in the claim, frozen there by the carbon-carbon double bond. Butadiene can polymerize in two other possible configurations, shown below, designated "trans" and "vinyl."[2]

$$-\ CH_2 \qquad H \qquad -\ CH_2 - CH -$$
$$CH = CH \qquad\qquad CH$$
$$H \qquad\qquad CH_2 - \qquad\qquad CH_2$$

$\quad$ ·trans $\qquad\qquad$ vinyl

The other appealed claims are in dependent form, all but one of which ultimately depends from an abandoned claim. The limitations added by them are not relevant to our discussion of this case.

The examiner and board relied upon six references in reaching their conclusion that the invention was obvious. They are:

| Amos et al. | | |
|---|---|---|
| (Amos) | 2,694,692 | November 16, 1954 |
| Greene | 2,762,790 | September 11, 1956 |
| Baum | 2,957,833 | October 25, 1960 |
| Lunk | 3,129,199 | April 14, 1964 |
| Schramm | 3,230,277 | January 18, 1966 |
| Foster | 3,317,918 | May 2, 1967 |

method of polymerization, one can be caused to predominate over the others.

Appellants concede that the references make out a prima facie case of obviousness with regard to employing the copolymer toughening agent defined by the claims. Nevertheless, they urge that the claims are patentable in view of alleged unexpected properties found for the new compositions. These include improved mechanical properties such as tensile strength, impact strength, elongation and the like, as well as improved gloss, transparency and processability. It is further alleged that improvement in mechanical properties is normally at the expense of gloss, transparency and processability and vice versa. Therefore, to achieve improvements in both sets of properties is unexpected.

Amos discloses that homopolymers and copolymers of styrene can be toughened by polymerizing the corresponding monomer(s) in the presence of any rubber soluble in the monomer(s) chosen. Enumerated toughening agents include copolymers of butadiene and styrene but there is no mention of a butadiene polymer having a specific cis content.

Greene describes polymers of butadiene and similar monomers which contain a "predominant" portion of polymerize monomers in the cis form. An example is directed to the preparation of a copolymer of butadiene and styrene, but the cis content of the polymer is not given. The reference does not disclose that these polymers can be used as toughening agents.

Baum discloses that styrene can be polymerized in the presence of rubbery polymers, including butadiene-styrene copolymers, but attributes improved clarity of the product to the specific mode of polymerization employed. This reference does not indicate that the butadiene rubbers used should have a specific cis content.

Lunk discloses that toughened styrene polymers have improved properties if the toughening agent is a butadiene rubber in which the cis content is at least about 90%. He does not disclose that butadiene copolymers of high cis content can be employed as toughening agents.

The Schramm patent suggests that butadiene rubbers of high cis content (75% or more) can be used to strengthen products of a graft polymerization. According to appellants' specification, a graft polymerization is similar to the process described for toughening styrene.

Foster discloses rubbery butadiene-styrene copolymers having a cis content of at least about 29% which appellants concede would include the toughening agents of their invention. However, their use in this manner is not suggested by the reference.

Claim 7 was rejected as obvious over the combination of Lunk with Schramm and Foster. All the claims were rejected in view of the six references relied upon. The board summarized these rejections in this way:

> In essence, the Examiner holds that it would be obvious (35 U.S.C. § 103) to use the polybutadienes of Foster or Greene as the rubbery modifiers in the styrene compositions of Baum or Amos et al. This holding does not require reliance on Schramm or Lunk. However, the Examiner further holds that the latter patents suggest improvements in properties if butadienes of higher cis–1,4 content are used as modifiers.

We agree, and appellants concede, that a prima facie case of obviousness has been established which must stand unless sufficient rebuttal evidence is offered. From the references cited, it is clear that a process for toughening polystyrene employing a butadiene-styrene copolymer was known to the prior art. It was also known that a homopolymer of butadiene having a high cis content could be used to achieve improved properties. Therefore, if there were no evidence to the contrary, we are of the opinion that it would be proper to conclude that it would have been obvious to employ a butadiene-styrene copolymer of the type

claimed as a toughening agent for polystyrene.

Because the prior art suggests that the improved properties obtained using polybutadienes of high cis content as a toughening agent are attributed to that content, appellants assert that one skilled in the art might conclude that improved properties could also be achieved using the copolymers claimed by them. Presumably it is their view that this artisan would expect a lesser improvement because the styrene content would dilute the effect of the butadiene portion of the toughening agent in a degree proportional to the relative amount of each. The ultimate conclusion appellants would have us reach is that the improvements in properties alluded to above, i. e., the combination of improved mechanical properties plus improved gloss, transparency, and processability, are unexpected ones and are sufficient to rebut the prima facie obviousness established by the prior art.

■ Appellants are correct in their belief that prima facie obviousness can be rebutted by evidence of unexpected properties. In re Papesch, 50 CCPA 1084, 315 F.2d 381, 137 USPQ 43 (1963). In this case, much of appellants' evidence of unexpected properties, and particularly that relating to improvements in gloss, transparency and processability, was presented to the Patent Office in the form of affidavits summarizing tests made after the application was filed. The board objected to much of this evidence on technical grounds. However, it refused to consider that portion of those affidavits showing improved gloss, etc., for the reason that these advantages were not disclosed in the application as originally filed. The board's authority for this was this court's decision in In re Herr, 50 CCPA 705, 304 F.2d 906, 134 USPQ 176 (1962).

We believe the board's decision is well founded. In reaching this conclusion, we note that appellants' spcification indicates that mechanical properties of the toughened polymer are improved whenever a rubber containing butadiene of high cis content is used. The specification makes no attempt to indicate that the copolymers as now claimed are preferred over homopolymers of butadiene. In fact, the claims eventually abandoned were directed to polystyrene toughened by butadiene homopolymers. These claims were abandoned in the face of the prior art cited by the examiner. Apparently it was only in the face of the rejections based on this art that appellants were moved to attempt to distinguish the properties obtained using the copolymer as a toughening agent versus using a homopolymer of butadiene.

Appellants urge that their affidavits should be considered notwithstanding the fact that the properties in question were not disclosed in their original application. They correctly point out that the opinion in *Herr* does not say that evidence of undisclosed properties cannot be offered. Instead it quotes In re Lundberg, 45 CCPA 838, 253 F.2d 244, 117 USPQ 190 (1958), for the proposition that in such a case if "that advantage is not disclosed in appellant's application" he is "not in a favorable position to urge it as a basis for the allowance of claims."

■ Appellants find support for the proposition that *Herr* does not absolutely preclude introduction of undisclosed properties as evidence of unobviousness in the decisions of this court in In re Zenitz, 52 CCPA 746, 333 F.2d 924, 142 USPQ 158 (1964) and In re Khelghatian, 53 CCPA 1441, 364 F.2d 870, 150 USPQ 661 (1966). However, we think their reliance upon those cases is misplaced. In *Zenitz* and *Khelghatian* the court accepted evidence of undisclosed advantages that "would inherently flow" from what was disclosed in the specification. We do not feel a similar situation exists here as we are of the view that the basic property or utility must be disclosed in order for affidavit evidence of unexpected properties to be offered. See In re Lorenz, 51 CCPA 1522, 333 F.2d 908, 142 USPQ 101 (1964).

It is difficult to see how one skilled in the art could conclude that the unexpected properties of improved gloss, transparency and processability find a basis in or inherently flow from the disclosure in the application that the toughened polystyrene has improved mechanical properties such as impact strength and the like. In the first place, the specification equates the effect of the homopolymers and copolymers of butadiene having a high cis content as toughening agents, where as appellants now attempt to point out their differences. In the second place, appellants' own argument in support of patentability is that it is unexpected to achieve both improved mechanical properties and improved gloss, etc., since it is the prior art experience that improving one set of properties came at the expense of the other. Therefore, it can hardly be said that there is a disclosure of the basic properties of gloss, transparency or ease of processability in the disclosure that the compositions have improved mechanical properties.

The specification discloses that the toughened polystyrene, whether the toughening agent is a homopolymer or copolymer of butadiene, can be used wherever "moldings are required to bear loads, e. g., refrigeration liners." Particularly in view of the fact that the specification equates the homopolymers and copolymers as toughening agents, we do not consider this to be a statement of utility sufficiently clear to insure that others would be led to observe the improved properties which appellants now urge in support of their claims.

We think it necessary to note that there is no specific statutory requirement that compels an applicant to disclose all properties of chemical compounds or compositions in his application. Insofar as the statute is concerned, the only disclosure requirements are defined in the first paragraph of 35 U.S.C. § 112. There is no § 112 rejection in this case and, therefore, we assume that the specification satisfies the requirement that it describe the invention adequately to enable one skilled in the art to make and use it.

In effect, the holding of the board is an evidentiary ruling which must be supported, if at all, on considerations other than statutory requirements. Therefore, to be valid such a ruling must be supported by an interest strong enough to compel a recognition that, in at least certain cases, the disclosure requirements of § 112 are not the maximum that can be demanded in an application.

The solicitor, in his brief, suggests that the reason evidence of undisclosed properties should be excluded can be grounded upon public policy. In his view, if evidence such as that presented by appellants were allowed, patents would be granted without the necessary quid pro quo of disseminating the knowledge in that essential evidence to the public. That argument is weakened, however, by the fact that the evidence upon which nonobviousness is based does become public as a part of the available file history when the patent issues.

Nevertheless, the public will derive the most benefit from a patent when it discloses on its face those properties or utilitarian advantages which were ultimately persuasive on the question of nonobviousness. However, when, as here, an applicant has satisfied the requirements of § 112, we would be reluctant to require him to disclose more unless it could be done without prejudice to him. But if the applicant can be required to include the properties in his specification without prejudice to him, a compromise is reached upon which the evidentiary ruling can be based.

We think such a compromise is possible as we see no impediment to the present appellants' refiling their application and incorporating a discussion of the allegedly unobvious properties while retaining the effective date of the application involved here through § 120. That section requires that the prior application comply with the conditions set forth in the first paragraph of § 112

as regards the invention claimed in the later application. See Martin v. Johnson, 59 CCPA 769, 454 F.2d 746, 172 USPQ 391 (1972). As we have already noted, appellants' application has ostentibly met the requirements of § 112 as no rejection has been made based upon that section. Since the subject matter to be claimed in a subsequently filed application would be identical to that claimed here, the later application would be entitled to the benefit of the filing date of the application we now consider. See In re Kirchner, 49 CCPA 1234, 305 F.2d 897, 134 USPQ 324 (1962). We certainly do not think the newly disclosed properties alter the subject matter sought to be patented.

In view of the fact that we agree with the board that the affidavit evidence relating to the after-discovered properties should not be considered in this case, the case of prima facie obviousness established by the references is not rebutted. Accordingly, the decision of the board is affirmed.

Affirmed.