**1276**

Robert D. COOK, Junior Party in Interference No. 98,254, Petitioner,

v.

C. Marshall DANN, Commissioner of Patents and Trademarks, Respondent,

Leslie H. Gaston et al., Respondents,

Edward J. Hayes, Senior Party in Interference No. 98,254, Respondent.

Special Patent No. 187.

United States Court of Customs and Patent Appeals.

Oct. 3, 1975.

ORDER

PER CURIAM.

Petitioner Cook seeks a writ of mandamus, directing vacation of a decision of the Board of Patent Interferences which limited the scope of permissible discovery, and a writ of prohibition against continuation of interference No. 98,254. Respondents are the Commissioner of Patents and Trademarks, the Board of Patent Interferences, and Hayes, Cook's interference adversary. Hayes has filed a motion to dismiss the petition.

 The Patent Trademark Office (PTO) respondents' challenge to our jurisdiction under the All Writs Act (28 U.S.C. § 1651(a)) must be rejected. *Weil v. Dann,* 503 F.2d 562 (Cust. & Pat.App. 1974); *Duffy v. Tegtmeyer,* 489 F.2d 745 (Cust. & Pat.App.1974); *Loshbough v. Allen,* 404 F.2d 1400, 56 CCPA 913 (1969).

Cook admits that the board's decision was interlocutory and discretionary but alleges an abuse of discretion limiting discovery to events "subsequent to the spring months of 1968." Hayes, conceding that the board so intended, has agreed to discovery from the "beginning of the spring months." We have considered the matter in that light.

No abuse or arbitrary exercise of discretion has been demonstrated. Rule 287(c) (37 CFR 1.287(c)) does not bestow the right to discovery of unlimited scope. The board's action was predicated on the dates in Cook's preliminary statement and the differences between the "AND" logic modules of the counts and the prior

art "OR" modules concerning which petitioner seeks discovery.

Good order and discipline, as well as fairness to the parties, compel recognition of wide discretion in PTO management of its affairs. Absent a clear showing of abuse, this court will not interfere with the exercise of that discretion. *Schenley Industries, Inc. v. E. Martinoni Co.,* 408 F.2d 1049, 56 CCPA 1038 (1969).

Accordingly, the petition is denied and the motion to dismiss is denied as moot.