**Application of Howard C. HAAS.**

**Appeal No. 78–536.**

United States Court of Customs and Patent Appeals.

June 30, 1978.

---

**462**

Stanley H. Mervis, Cambridge, Mass., attorney of record, for appellant.

Charles A. Wendel, Arlington, Va., Karl F. Jorda, Ardsley, N. Y., Harold C. Wegner, Arlington, Va., attorneys of record, for American Patent of Law Assn., amicus curiae, Earl L. Tyner, Arlington, Va., Harry E. Westlake, Jr., Rahway, N. J., of counsel.

Joseph F. Nakamura, Washington, D. C., for the Commissioner of Patents; Fred E. McKelvey, Washington, D. C., of counsel.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

MARKEY, Chief Judge.

This appeal is from a decision of the United States Patent and Trademark Office (PTO) Board of Appeals (board) affirming a final rejection under 35 U.S.C. § 121 of claims 7 and 8 of application serial No. 821,511, filed May 2, 1969, entitled "Novel Polymerization Initiators."[1] We reverse and remand.

### Invention

The invention is a group of benzoyl peroxides:

$$X - \text{(benzene ring)} - \overset{\overset{O}{\|}}{C} - O - O - \overset{\overset{O}{\|}}{C} - \text{(benzene ring)} - X$$

useful as initiators for polymerization of vinyl-containing compounds or monomers. Haas states: "The substituent X does not participate in the polymerization initiation, but it does introduce into the resulting polymer a reactive, terminal group at one or both ends of the resulting polymer chain. Thus, while the resulting polymers may have different utilities, all of the claimed compounds have the same utility [i. e., polymerization initiators]."

Claims 7 and 8 are the sole claims on appeal:

7. A compound of the formula $X - \text{(benzene ring)} - \overset{\overset{O}{\|}}{C} - O - O - \overset{\overset{O}{\|}}{C} - \text{(benzene ring)} - X$ wherein X is selected from the group consisting of α-monosubstituted chloro, bromo and fluoro alkyl groups containing from 1-3 carbon atoms, inclusive; and $-C\overset{\nearrow H}{\searrow O}$.

8. The invention of claim 7 wherein X is selected from the group consisting of α-monosubstituted chloro alkyl groups containing from 1-3 carbon atoms, inclusive; and $-C\overset{\nearrow H}{\searrow O}$.

### Background

Haas comes before this court for the second time on the present application. In *In re Haas*, 486 F.2d 1053, 179 USPQ 623 (CCPA 1973) (*Haas I*), the examiner held claims 1 and 2 withdrawn from further consideration under 35 U.S.C. § 121 as drawn to "multiple patentable [sic, patentably] distinct inventions."[2] This court held that "withdrawal" of a claim from consider-

---

1. A continuation-in-part of serial No. 630,222, filed April 12, 1967.

2. Claim 2 was dependent from claim 1 and limited substituent X to the para position of the

ation, under those circumstances, constituted a rejection reviewable by the board under 35 U.S.C. §§ 7 and 134, and by this court under 35 U.S.C. § 141. The decision of the board to dismiss for lack of jurisdiction was reversed, and the case was remanded for further action consistent with the opinion.

The board remanded the case to the examiner. The examiner rejected claims 1 and 2 "as improper Markush claims and for misjoinder [of invention] under 35 USC 121" because drawn to multiple "independent and distinct" inventions. Though initially arguing that claims 1 and 2 did *not* define "independent and distinct" inventions, Haas expressly abandoned that argument on appeal to the board and conceded "that his recited Markush group contains 'multiple independent and distinct inventions' in the same sense that a generic term may contain multiple independent and distinct inventions." In view of that concession, the board stated: "[T]he only question presented by this appeal is whether or not a single claim which includes a plurality of independent and distinct inventions is legally rejectable."[3] The board answered affirmatively.

In its opinion, the board viewed the examiner's rejection as based on claiming an improper Markush group and misjoinder of invention under 35 U.S.C. § 121. In affirming the examiner's rejection as based on claiming an improper Markush group, the board said "[w]hether or not there is a statutory basis for such a rejection is of no real concern, since such a rejection has basis at least in established judicial doctrine,"[4] and that it was unnecessary to decide whether § 121 provided a basis for rejection. The board, nonetheless, proceeded to decide that question. In the board's opinion, § 121 did provide basis for rejection because "[t]he statute * * * broadly

permits the Commissioner, in his discretion, to refuse to grant a patent on an application containing two or more independent and distinct inventions."[5] Additionally, the board entered rejections under 37 CFR 1.196(b) based upon § 102(b), § 112, first paragraph, and § 112, second paragraph. One board member, dissenting-in-part, stated that he did not agree that "independent and distinct inventions" were claimed, despite Haas' admission.

Haas elected to carry on further prosecution before the examiner. 37 CFR 1.196(b). Following an amendment adding two claims numbered 6 and 7, the examiner finally rejected claims 1, 2, 6 and 7, *inter alia*, "as improper Markush claims and misjoinder under 35 USC 121." Other rejections included *res judicata* (claims 1 and 2), 35 U.S.C. § 132 (claims 6 and 7, new matter), and 35 U.S.C. § 102(b) (claims 1, 2, 6 and 7). A claim 5, apparently originally allowed, was rejected under 35 U.S.C. § 112, first paragraph, because the board's § 1.196(b) rejection under § 112, first paragraph, of claims 1 and 2 applied to claim 5 as well. Haas proposed present claim 8 in an after-final amendment, 37 CFR 1.116, entered by the examiner with the understanding that claim 8 stood rejected for the same reasons applied to claims 5, 6 and 7.

On appeal, under a heading "35 USC 121 Rejection," the board stated: "This rejection, as acknowledged by the appellant, raises the same issues as were involved in the Examiner's rejection under 35 USC 121 involved in the previous appeal." Noting that Haas had not raised any additional arguments and relied upon arguments made in the previous appeal, the board affirmed the rejection "for the reasons given by us [in the previous appeal]." The board proceeded to reverse the § 132 rejection, the res judicata rejection, and the § 102(b) rejection as to claims 7 and 8, but affirmed the § 102(b) rejection as to claims 1, 2, 5

---

benzene rings. The "independent and distinct" inventions were thus alleged to fall within claim 1 alone or claims 1 and 2 taken together.

**3.** *Ex parte Haas*, 188 USPQ 374, 376 (PTO Bd.App.1975).

**4.** *Id.*

**5.** *Id.* at 377.

and 6, and affirmed the § 112, first paragraph rejection of claims 1, 2, 5 and 6. The board further entered a 37 CFR 1.196(b) rejection of claims 1, 2, 5, 6, 7, and 8 under 35 U.S.C. § 112, second paragraph. The dissenting board member in the previous appeal filed a concurrence again expressing his opinion that the claims, particularly claims 7 and 8, did not recite independent and distinct inventions, but agreed to the result in view of Haas' concession.

Prosecution again returned to the examiner. Haas cancelled claims 1, 2, 5 and 6, rewrote claim 7 in independent form, and otherwise amended the claims mooting all issues save the issue under § 121. Thus, on the third and final appearance before the board, only claims 7 and 8 remained and stood rejected "under 35 USC 121 as containing improper Markush groups and misjoinder of inventions in the combination of the members in said Markush groups." In that appearance, the board made final its previous decision affirming that rejection.

### Issue

The claims are solely rejected under 35 U.S.C. § 121 in accordance with the mandate in the Manual of Patent Examining Procedure (MPEP) 803 as containing "improper Markush groups and [for] misjoinder of inventions" because those claims are

viewed as directed to independent and distinct inventions.[6] Accordingly, the issue is whether § 121 furnishes a basis for rejecting a claim.

### OPINION

In *In re Weber*, 580 F.2d 455, decided of even date, this court holds that § 121 does not provide a basis for rejection of a claim. To the extent that § 121 was employed in this case as a basis for rejection, that rejection is, on the authority of *Weber*, reversed.

The examiner's rejection of claims 7 and 8 herein as "improper Markush" claims is inextricably intertwined on this record with the application of § 121. The solicitor's brief states that the examiner is willing to examine claims 7 and 8 as a whole on their merits.

Accordingly, the decision of the board is *reversed* and the case is *remanded* for examination of claims 7 and 8 on their merits.

*REVERSED AND REMANDED.*

---

6. There is no rejection and, consequently, no issue before us that the claims are drawn to improper Markush groups as described by the PTO in MPEP 706.03(y).