Ray L. DUELTGEN and Carl A.
Queener, Petitioners,

v.

Lutrelle F. PARKER, Acting Commission-
er of Patents and Trademarks, and Wil-
liam Sullivan, Respondents.

No. 78-576.

United States Court of Customs
and Patent Appeals.

Aug. 3, 1978.

Rehearing Denied Oct. 5, 1978.

William J. Gilbreth, Kenneth B. Herman, Richard M. Barnes, Fish & Neave, Clyde C. Metzger, Berj A. Terzian, Gidon D. Stern, Pennie & Edmonds, New York City, for petitioners.

Joseph F. Nakamura, Washington, D. C., for the Commissioner of Patents and Trademarks.

James Paul O'Sullivan, Rochester, N. Y., for respondents.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

PER CURIAM.

Petitioners seek writs of prohibition and mandamus directing the Commissioner of Patents and Trademarks to dissolve interference No. 99,296, alleging that respondent Sullivan failed to disclose (1) the subject matter of his claims corresponding to the interference counts, or (2) any "patentable utility" for that subject matter. In the alternative, petitioners seek writs directing that the Commissioner promptly decide their pending motion to dissolve, based on allegation (1), and that all further proceedings in the interference be stayed, pending that decision. Petitioners also request oral argument on this petition. Respondents, Commissioner and Sullivan (applicant and adverse party in the interference) filed responses urging denial of the petition.

Petitioners argue that the interference examiner erroneously applied the law in declaring the interference in the face of two motions based on allegations (1) and (2). Regarding (1), petitioners say the reasoning in an earlier ex parte Board of Appeals decision, in which the claims corresponding to the counts were allowed to Sullivan, was rejected by this court in *Squires v. Corbett,* 560 F.2d 424, 194 USPQ 513 (Cust. & Pat.App.1977). Regarding (2), petitioners say the utility which would render Sullivan's claims allowable is undisclosed, citing *In re Davies,* 475 F.2d 667, 177 USPQ 381 (Cust. & Pat.App.1973).

■ A petitioner may not, by bringing an interlocutory question directly here, bypass its consideration by the Board of Patent Interferences (board) and avoid the normal procedure, under which judicial review is available only after the board has decided the case. *Seng v. Dann,* 542 F.2d 568, 191 USPQ 432 (Cust. & Pat.App.1976); *Weil v. Dann,* 503 F.2d 562, 183 USPQ 300 (Cust. & Pat.App.1974).

■ With respect to petitioner's motion based on allegation (1), the "right to make" issue there raised is ancillary to priority and is therefore subject to consideration by the board, and by this court, in the normal appellate process. Effective relief being available on appeal, writs of prohibition and mandamus are not appropriate. *Weil v. Dann, supra,* and cases there cited.

Similarly, if the motion based on allegation (2) raised an issue ancillary to priority, it would likewise be reviewable on appeal, and its denial would not, therefore, warrant issuance of the requested writs.

■ Though couched in terms of "utility," petitioner's allegation (2) appears to rest on a failure of the Sullivan specification to support an "unexpected properties" argument which may be made against an obviousness rejection under § 103, as was the case in *In re Davies, supra.*

The motion based on allegation (2) thus appears to raise an issue not ancillary to

priority, and thus not subject to consideration by the board in its determination of priority, 37 CFR 1.258(a), or by this court in the normal appellate process.

■ Redress from an examiner's denial of a motion raising a non-ancillary issue is by petition to the Commissioner. 37 CFR 1.181, 1.231(d), 1.244. Here, a petition was filed and the Commissioner refused to disturb the examiner's denial. The standard of review of the Commissioner's decision in such cases, upon petition for writs of prohibition and mandamus, concerns only the exercise of the Commissioner's discretion.

■ Petitioners have not here established that the Commissioner abused his discretion. Writs of prohibition and mandamus would therefore be inappropriate with respect to the motion based on allegation (2)

and interpreted as raising an issue not ancillary to priority. *See Cook v. Dann*, 522 F.2d 1276, 188 USPQ 175 (Cust. & Pat.App. 1975).

For the reasons outlined above, petitioners' request for alternative writs must fail.

■ The positions of the parties being fully explained in the briefs, and the matter being not of such character as to require oral argument, petitioners' request therefor must be denied. CCPA R.7.1(b).

The petition is denied.