**Wagn Ole GODTFREDSEN, Petitioner,**

v.

**Donald W. BANNER, Commissioner of Patents and Trademarks, and Peter Bamberg, Bertil Ake Ekstrom, Ulf Erik Forsgren and Berndt Olof Harald Sjöberg, Respondents.**

Appeal No. 79–514.

United States Court of Customs and Patent Appeals.

May 24, 1979.

Roger W. Herrell, Patrick J. Hagan, Philadelphia, Pa. (Dann, Dorfman, Herrell & Skillman, P. C., Philadelphia, Pa.) Attorneys of record, for petitioner.

Joseph F. Nakamura, Washington, D. C., for the Commissioner of Patents and Trademarks; Gerald H. Bjorge, Washington, D. C., of counsel.

Allan H. Bonnell, Edward V. Filardi, New York City (Brumbaugh, Graves, Donohue & Raymond, New York City), M. Andrea Ryan, New York City, of counsel, for junior party respondent Bamberg et al.

Before MARKEY, Chief Judge, RICH, BALDWIN, LANE * and MILLER, Associate Judges.

BALDWIN, Judge.

Petitioner seeks writs of mandamus and prohibition directing the Commissioner of Patents and Trademarks to:

(1) substitute Count A (reciting a Markush group of compounds) as set forth in Petitioner's "Motion to Amend By Substituting A New Count for the Present Count," filed December 7, 1976, as the sole count in interference; and

(2) prohibit the interference from proceeding as currently constituted with counts 1, 2 and 3.

The Petition is dismissed.

## Background

Interference 99,384 was declared on July 7, 1976, between Godtfredsen application Serial No. 554,423, filed March 3, 1975, and Bamberg et al. application Serial No. 464,-157, filed April 25, 1974. Both parties were accorded the benefits of earlier filed U.S. patent applications. Godtfredsen was designated the senior party by reason of his parent application filed April 13, 1972. The sole count in the interference declaration was directed to a method of treating bacterial infections by forming in the body a 1:1 mixture of a specific two-compound antibiotic mixture. During the motion period, Godtfredsen moved to substitute a broader count (Count A) directed to the same method, but covering the use of any of three related two-compound antibiotic mixtures, each mixture containing as a common compound an amidopenicillanic acid (hereinafter mecillinam).

Godtfredsen also moved, contingent on the denial of the Motion to Substitute Count A, to add Count B and Count C. Counts B and C recited the two mixtures additionally found in Count A but not found in the original count.

The Primary Examiner denied the Motion to Substitute Count A noting that:

Count A is directed to three independent and distinct compositions comprising mecillinam and either (1) ampicillin (Count 1), (2) benzylpenicillin (proposed Count B) or (3) azidocillin (proposed Count C). Count A is, therefore, unpatentable since it is directed to a mixture of independent and distinct inventions under 35 U.S.C. § 121.

The Primary Examiner granted a motion by Godtfredsen to be accorded the benefit of the filing date of the corresponding British application (May 5, 1971) for Count B. He denied that motion regarding Count 1 and Count C. Bamberg et al., on the other hand, was accorded the benefit of the filing date of their British application (November 1, 1971) for each of the counts.

Godtfredsen thereupon petitioned the Commissioner, under 37 CFR 1.181,[1] re-

---

* Judge Lane took part in the consideration, but not the decision, in the matter.

1. 37 CFR 1.181 provides, in pertinent part, that:
(a) Petition may be taken to the Commissioner (1) from any action or requirement of any examiner in the ex parte prosecution of an application which is not subject to appeal to the Board of Appeals or to the court; (2) in cases in which a statute or the rules specify that the matter is to be determined directly by or reviewed by the Commissioner; and (3)

questing that he invoke his supervisory authority and reverse the examiner's decision denying the Motion to Substitute Count A. Godtfredsen argued that the *Manual of Patent Examining Procedure*, § 1101.01(j), concerning Suggestion of Claims, provides in pertinent part:

> In general, the broadest patentable claim which is allowable in each case should be used as the interference count and additional claims should not be suggested unless they are sufficiently different that they may properly issue in separate patents.

Godtfredsen further sought to demonstrate that the Markush group found in Count A did not recite separate inventions in that each member of that group was a commonly known penicillin. He additionally observed that during the prosecution of the Bamberg et al. application, the examiner rejected claims under 35 U.S.C. § 121 which were not only broader than Count A but included the very mixtures of compounds set forth in Count A. The party Bambert et al. argued in response that the rejection under 35 U.S.C. § 121 was improper in that the claims did not recite independent and distinct inventions.

The Commissioner, acting through the Chairman of the Board of Patent Interferences, granted the petition to the extent that it was remanded to the Primary Examiner with the instruction that he provide the basis for his conclusion in the decision on motion.

Upon remand, the examiner adhered to his prior decision and added only the reason for that decision, stating:

> to invoke the supervisory authority of the Commissioner in appropriate circumstances.
>
> (b) Any such petition must contain a statement of the facts involved and the point or points to be reviewed and the action requested. Briefs or memoranda, if any, in support thereof should accompany or be embodied in the petition; and where facts are to be proven, the proof in the form of affidavits or declarations (and exhibits, if any) must accompany the petition.
>
> (c) When a petition is taken from an action or requirement of an examiner in the ex parte

The proposed Count A is directed to a synergistic combination of mecillinam with (1) ampicillin (2) benzylpenicillin or (3) azidocillin. A prior art reference anticipating one synergistic combination (e. g. mecillinam/ampicillin) would not anticipate or make obvious any other synergistic combination (e. g. mecillinam/azidocillin or mecillinam/benzylpenicillin). The patentability of a combination of old elements is predicated on unexpected results termed synergism; an adequate showing must be made in each case such that synergism for one cannot be predicted from any prior showing for a different combination.

Godtfredsen again petitioned the Commissioner under 37 CFR 1.181 alleging abuse of discretion by the examiner and requesting that the Commissioner exercise his supervisory authority and instruct the examiner to substitute Count A as the sole count in the interference. In essence, the arguments and showings of the prior petition to the Commissioner were repeated.

Before the Commissioner acted on this latter petition, a supplemental petition was entered. The action was stirred by this court's intervening decisions in *In re Weber*, 580 F.2d 455, 198 USPQ 328 (Cust. & Pat. App.1978) and *In re Haas*, 580 F.2d 461, 198 USPQ 334 (Cust. & Pat.App.1978) wherein it was held that 35 U.S.C. § 121 does not provide a basis for an examiner, acting under the authority of the Commissioner, to reject a particular claim on the basis that it contains independent and distinct inventions. Godtfredsen argued that his was but a single generic discovery and should be treated as such in the interference proceedings. It was argued that *Weber* and *Haas*

> prosecution of an application, it may be required that there have been a proper request for reconsideration (§ 1.111) and a repeated action by the examiner. The examiner may be directed by the Commissioner to furnish a written statement, within a specified time, setting forth the reasons for his decision upon the matters averred in the petition, supplying a copy thereof to the petitioner.

removed any basis in law the examiner may have had in refusing to substitute Count A in the manner requested.

The Commissioner, again acting through the Chairman of the Board of Patent Interferences, denied the petitions noting, first, that,

It appears that the four materials recited in the three species are all known in the art, and that patentability of the three species is predicated upon the synergistic result obtained by mixing each of the three acylamino penicillanic acids (ampicillin, benzylpenicillin and azidocillin) with mecillinam in the body in the ratio 1:1. That being the case, it is not considered that the Examiner's conclusion that each species would be patentable over each other species was clearly erroneous.

and further that,

However, while it may well be that, in view of the Weber and Haas cases, a *claim* corresponding to proposed count A could not properly be rejected under 35 U.S.C. § 121, it does not necessarily follow that the fact that proposed count A "was directed to more than one invention," as stated by the Examiner in Paper No. 39, is not a proper ground for refusing to substitute it as the *count* of the interference.

\* \* \* \* \* \*

Where, as here, the parties both disclose the same three species, that fact does not justify including those species in a single count as members of a Markush group if the Examiner has determined that the three species are patentably distinct inventions. If such a count were permitted, then the party who proved the earliest date of invention as to any one of the members of the group would be awarded priority as to the entire count, i.

e., as to all three members. It is not considered that such a result would be consonant with the primary purpose of an interference or within the intent of 35 U.S.C. § 135, since there would be no determination of priority as to *each* of the common inventions claimed by the parties. [Emphasis in original.]

Alleging that the Commissioner's refusal to exercise his supervisory authority and direct the examiner to substitute Count A as the sole count in interference is contrary to law, as discussed in our *Weber* and *Haas* opinions, and further, is in conflict with scientific fact, in that the synergistic activity of one combination of mecillinam with a common penicillin renders other combinations obvious, and accordingly only one inventive concept is presented in Count A. Godtfredsen petitions this court for a writ of mandamus ordering the Commissioner to allow the interference to proceed with Count A as the sole count and for a writ of prohibition preventing said interference from proceeding as currently constituted on counts 1, 2 and 3.

## OPINION

■ Petitioner seeks redress under the All Writs Act.[2] Bearing in mind that this statute is not an independent grant of subject matter jurisdiction, the initial inquiry must be whether the desired writ would be "in aid of" this court's statutorily defined subject matter jurisdiction. *See F. T. C. v. Dean Foods Co.*, 384 U.S. 597, 86 S.Ct. 1738, 16 L.Ed.2d 802 (1966); *McLung v. Silliman*, 19 (6 Wheat.) 598, 5 L.Ed. 340 (1821).

■ The court's jurisdiction in interference proceedings is essentially limited to a review of a determination of priority of invention or matters related thereto which have been passed on by the Board of Patent Interferences.[3] *See Duffy v. Tegtmeyer,*

---

**2.** 28 U.S.C. § 1651(a), the All Writs Act, provides:

The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

**3.** In interferences, our jurisdiction rests on 28 U.S.C. § 1542 (in pertinent part):

The Court of Customs and Patent Appeals shall have jurisdiction of appeals from decisions of:

(1) the Board of Appeals and the Board of Interference Examiners of the Patent Office

489 F.2d 745, 180 USPQ 317 (Cust. & Pat. App.1974) and cases cited therein.

However, a writ of mandamus is an extraordinary remedy and is rarely granted. So even if it is apparent that a requested writ would be in aid of jurisdiction, the writ would be proper only if such a special measure is necessary to *preserve* an issue for possible subsequent appeal. *See Roche v. Evaporated Milk Assn.*, 319 U.S. 21, 25, 63 S.Ct. 938, 87 L.Ed. 1185 (1943).

In the case at hand, petitioner asks that writs of mandamus and prohibition be issued against the Commissioner. However, our grant of jurisdiction does not, in the normal course of events, provide us with the authority to *directly* review or supervise the acts of the Commissioner. In the normal course of appellate review, we are occasionally called upon to indirectly consider the propriety of the Commissioner's decisions, but, in the context of interferences, only as they relate to matters ancillary to priority. *See Nitz v. Ehrenreich*, 537 F.2d 539, 190 USPQ 413 (Cust. & Pat.App.1976).

It has been long accepted that substitution of a count in interference is not ancillary to priority, is not properly considered by the board, and, therefore, is not reviewable by this court. *Daley v. Wiltshire*, 293 F.2d 677, 130 USPQ 398, 49 CCPA 719 (1961). Accordingly, in this case, we lack even potential jurisdiction to hear questions concerning the propriety of the Commissioner's action.

Petitioner points to *Dueltgen v. Parker*, 579 F.2d 638, 198 USPQ 616 (Cust. & Pat. App.1978) as authority for his argument

that this court has jurisdiction to grant appropriate relief where a clear abuse of discretion by the Commissioner has been shown. In *Dueltgen*, the court stated:

> Redress from an examiner's denial of a motion raising a non-ancillary issue is by petition to the Commissioner. 37 CFR 1.181, 1.231(d), 1.244. Here, a petition was filed and the Commissioner refused to disturb the examiner's denial. The standard of review of the Commissioner's decision in such cases, upon petition for writs of prohibition and mandamus, concerns only the exercise of the Commissioner's discretion.
>
> Petitioners have not here established that the Commissioner abused his discretion. Writs of prohibition and mandamus would therefore be inappropriate with respect to the motion based on allegation (2) and interpreted as raising an issue not ancillary to priority. *See Cook v. Dann*, 522 F.2d 1276, 188 USPQ 175 (Cust. & Pat.App.1975). [*Id.* at 640, 198 USPQ at 618.]

It should be understood that this quotation must not be read to say that, if Dueltgen had established the existence of an abuse of discretion, the writ of mandamus would have issued from this court. There, the court only observed that *even if* it had jurisdiction to consider the issue, no abuse of discretion had been shown. The preliminary jurisdictional determination must always be satisfied. *See Reddy v. Dann*, 529 F.2d 1347, 188 USPQ 644 (Cust. & Pat.App. 1976); *Weil v. Dann*, 503 F.2d 562, 183 USPQ 300 (Cust. & Pat.App.1974); *Duffy v. Tegtmeyer, supra.*[4]

as to patent applications and interferences, at the instance of an applicant for a patent or any party to a patent interference * * *.
and 35 U.S.C. § 141 (in pertinent part):
A party to an interference dissatisfied with the decision of the board of patent interferences on the question of priority may appeal to the United States Court of Customs and Patent Appeals * * *.
The jurisdiction of the board is defined in 35 U.S.C. § 135(a) (in pertinent part):
The question of priority of invention shall be determined by a board of patent interferences (consisting of three examiners of interfer-

ences) whose decision, if adverse to the claim of an applicant, shall constitute the final refusal by the Patent and Trademark Office of the claims involved, and the Commissioner may issue a patent to the applicant who is adjudged the prior inventor.

4. We must emphasize that in the noted cases in which we found jurisdiction, the petitions for writs of mandamus were denied not merely because the cases could have been appealed in the normal manner, but because no extraordinary action was necessary by the court to preserve the questions for appeal.

**594**

 We have no jurisdiction to review the Commissioner's action here and, therefore, no authority to issue the requested writs.

The petition is *dismissed*

*DISMISSED.*

MILLER, Judge, concurring.

I agree with the majority's dismissal of the petition for writs of mandamus and prohibition. However, I find it unnecessary to decide, as the majority does, that substitution of a count in an interference is not ancillary to priority. Instead, I would premise dismissal on appellant's failure to demonstrate that this court has subject matter jurisdiction based on authority other than the All Writs Act itself, "in aid of" which a writ could be issued. *See Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 23–26, 63 S.Ct. 938, 87 L.Ed. 1185 (1957); *Formica Corp. v. Lefkowitz*, 590 F.2d 915, 200 USPQ 641 (Cust. & Pat.App.1979)

There is little precedent supporting the proposition that substitution of a count in an interference is not ancillary to priority, and such as exists is old and devoid of reasoning.[1] Over the years, this court has expanded the types of issues regarded as ancillary to priority. Today, interferences commonly involve phantom counts, modified claim counts, or Markush claim counts. In such interferences, selection of the particular count for the determination of priority can have a significant impact on the interference proceeding (including the scope of discovery, the manner and nature of proofs, and the legal theory argued) and may be decisive in the award of priority, as appears would be the case here. Moreover, the language used by this court in recent cases[2] in which we have determined that the question of interference in fact is ancillary to priority, appears equally applicable to the determination of whether the substitution of a count is ancillary to priority.

It would seem appropriate to ask: What could be *more* ancillary to a determination of priority than a decision on the count to be used in that determination?

---

1. In addition to the majority's citation to *Daley v. Wiltshire*, 293 F.2d 677, 130 USPQ 398, 49 CCPA 719 (1961), which merely states the proposition, two pre-1952 Patent Act cases summarily treated the matter: *Smith v. Hayward*, 176 F.2d 914, 83 USPQ 123, 37 CCPA 718 (1949); *Josserand v. Taylor*, 138 F.2d 58, 59 USPQ 140, 31 CCPA 709 (1943).

2. *E. g., Aelony v. Arni*, 547 F.2d 566, 568–69, 192 USPQ 486, 489 (Cust. & Pat.App.1977); *Nitz v. Ehrenreich*, 537 F.2d 539, 542–43, 190 USPQ 413, 416–17 (Cust. & Pat.App.1976).