**John P. McNALLY and Henry O. Neumann, Petitioners,**

v.

**Gerald J. MOSSINGHOFF, Commissioner of Patents and Trademarks, Respondent.**

**Appeal No. 82–538.**

United States Court of Customs and Patent Appeals.

March 11, 1982.

William L. Fisher, Troy, Mich., for petitioners.

Joseph F. Nakamura, Sol., U. S. Patent and Trademark Office, Washington, D. C., for Patent and Trademark Office.

Before MARKEY, Chief Judge, and RICH, BALDWIN, MILLER and NIES, Judges.

ORDER

This is a petition for a writ of mandamus requiring the Commissioner to revive application Serial No. 273,760. This court sustained the Board of Appeals' affirmance of the examiner's rejection of all claims in that application in a decision and unpublished opinion dated March 24, 1977. On April 15, 1977, this court issued its final mandate. A petition to revive was filed with the Commissioner on August 25, 1980, citing patents number 3,783,976 (Kerr), issued January 8, 1974, and 3,995,534 (Rastetter), issued December 7, 1976, and copying claims from Kerr for purposes of interference. The Commissioner denied that petition on the ground of "intentional abandonment" of application Serial No. 273,760.

Petitioners have also filed a motion to strike portions of the Commissioner's Opposition to the Petition.

On consideration of the petition and motion, with accompanying papers, it is hereby decreed and ordered:

■ (1) Assuming the truth of petitioners' allegation that; but for the Commissioner's refusal to revive, petitioners' application would properly be in interference with the Kerr and Rastetter patents, jurisdiction exists under the All Writs Act [1] to entertain the petition. *Margolis v. Banner*, 599 F.2d 435, 202 USPQ 365 (Cust & Pat. App.1979); *Commissariat A L'Energie Atomique v. Watson*, 274 F.2d 594, 124 USPQ 126 (C.A.D.C.1976); *See generally* Gholz, *Extraordinary Writ Jurisdiction of the CCPA in Patent and Trademark Cases*, 58 J.Pat.Off.Soc'y 356 (1976).

■ (2) The petition is denied. The writ sought is extraordinary, requiring a showing of an abuse of discretion on the part of the Commissioner. *Godtfredsen v. Banner*, 598 F.2d 589, 202 USPQ 7 (Cust. & Pat.App. 1979); *Cook v. Dann*, 522 F.2d 1276, 188 USPQ 175 (Cust. & Pat.App.1975). There is no abuse of discretion in declining to perform a useless act. An interference is declarable only when the claims are allowable in "all of the applications involved," Rule 1.201(b).[2] Petitioners took no action to secure a patent for three years and four months after issuance of this court's mandate, six years and seven months after issuance of the Kerr patent, and three years and eight months after issuance of the Rastetter patent. Appellants therefore are attempting to copy claims from patents more than a year after the patents issued, which they may not do unless they were already claiming the same or substantially the same subject matter. 35 U.S.C. § 135(b).[3] Consequently, they would have to show that the claims in their application were to the same or substantially the same subject matter as the patent claims sought to be copied. But the claims in their application were found to be unpatentable to appellants in 1977.

Therefore, they could not be put into an interference. Rule 1.201(b).

(3) The motion to strike is denied.

---

1. 28 U.S.C. § 1651(a).

2. 37 CFR 1.201(b).

3. 35 U.S.C. § 135 *Interferences*

(b) A claim which is the same as, or for the same or substantially the same subject matter as, a claim of an issued patent may not be made in any application unless such a claim is made prior to one year from the date on which the patent was granted.