Reid C. GOODBAR and Arthur M. Presley, Junior Party Patentees, Petitioners,

v.

Donald W. BANNER, Commissioner of Patents and Trademarks, Marvin A. Champion, Norman G. Torchin, and Michael Sofocleous, Members U. S. Patent and Trademark Office Board of Patent Interference, and William Klein, Senior Party Applicant, Respondents.

Appeal No. 79–555.

United States Court of Customs and Patent Appeals.

May 31, 1979.

Rehearing Denied July 19, 1979.

Joseph J. C. Ranalli, Joseph J. Catanzaro, New York City, Frederick F. Calvetti, Washington, D. C., Pennie & Edmonds, New York City, attys. of record, for petitioners.

Joseph F. Nakamura, Washington, D. C., for the Commissioner of Patents and Trademarks; Fred E. McKelvey, Woodbridge, Va., of counsel.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE * and MILLER, Judges.

RICH, Judge.

Petitioners seek a writ of mandamus, directing the Patent and Trademark Office (PTO) Board of Patent Interferences (board) to vacate its order compelling petitioners to produce for inspection and copying certain documents in connection with interference No. 98,935. Respondents are the Commissioner of Patents and Trademarks (Commissioner), the board, and Klein, petitioners' interference adversary. Oppositions to the petition have been filed by the Commissioner and Klein.

This petition was kindled by testimony elicited from Dr. Roger Varin, former Director of Research for Riegel Textile Corporation, assignee of the junior party petitioners' patent. This testimony was taken during the junior party petitioners' testimony-in-chief period. Specifically, on cross-examination, Dr. Varin testified that he kept a file of correspondence generated while he was employed by Riegel. After testifying that he was familiar with the contents of the file, the following was elicited:

Q. Did you find anything relating to this proceeding?

A. There were some things.

As a result of this testimony, respondent Klein filed a MOTION FOR PRODUCTION OF DOCUMENTS UNDER 37 CFR 1.287(b) and (c), requesting, inter alia, the production of Dr. Varin's correspondence file for inspection and copying.

Petitioners opposed production of the file. They asserted that the request was overly broad and indefinite and would require the production of documents containing confidential and proprietary information. They

---

* Judge Lane took part in the consideration and decision of this matter but died before the decision was announced.

also stated that Klein has failed to show that production of the file would be in the "interests of justice" as required by 37 CFR 1.287(c).

The board granted respondent Klein's motion, but only to the extent that the documents to be produced were the ones referred to in Dr. Varin's testimony as being related to this proceeding. The board stated:

> With regard to requests 2, 4 and 5 [request 5 is the only one at issue here], the motion is granted as being in the "interest of justice". As to request 2, there is no ostensible objection. As to requests 4 and 5, the motion paper indicates that Klein ascertained the probable existence of the photographs [the subject of request 4] and the "somethings" [sic, some things] during cross-examination and their existence could not have been determined earlier by inspecting the documents served under § 1.287(a). *Also request 5 is considered properly limited to the subject matter of the counts in issue inasmuch as it is limited to "somethings"* [sic, some things] *related to this proceeding.* [Emphasis ours.]

The board adhered to this decision on reconsideration.

Relief was requested from the Commissioner by a petition to reverse the decision of the board. Commissioner Banner denied the petition with the following comments:

> Petitioners maintain that the board should have denied request 5 because the documents sought thereby were not limited in scope to a relevant time period. It is apparent that petitioners have misinterpreted the board's order. *A fair reading of the board's order, taken in light of the motion and opposition before the board and Dr. Varin's cross-examination, demonstrates that the board only ordered petitioners to make discovery of the "some things" in his file which relate "to this proceeding," or as respondent's counsel put it those things which "relate to this subject matter."*
>
> *Since the board's order properly limits the documents, both as to scope of time*
>
> *and subject matter, it follows that the board correctly ruled on respondent's request 5.* [Emphasis ours.] Accordingly, the decision of the board granting request 5 is *affirmed* [emphasis in original].

Petitioners assert an abuse of discretion on the part of the board in granting the request, and on the part of the Commissioner in refusing to reverse the board's decision. They claim, as they did before the board, that the request is overly broad and indefinite, and that the material sought to be discovered is proprietary and confidential. We are asked to issue mandamus to vacate the decision of the board and its order requiring the production of documents as per request 5.

Petitioners have also, by motion, requested oral argument on their PETITION FOR MANDAMUS. Respondent Klein opposes the motion.

## OPINION

### 1. Request for Oral Argument

■■■ The motion for oral argument is denied. Oral arguments on petitions for extraordinary relief are not granted unless directed by this court. *See* CCPA Rule 7.1(b). The court does not find oral argument helpful in cases such as this where the issues are clear and the case is not complex. *Cf. United States v. Watson, Judge, United States Customs Court and Michelin Tire Co.,* Appeal No. 79–17, argued May 2, 1979 (oral argument granted on Government's motion due to complexity and importance of issues).

### 2. The Requested Writ

■■ Under 28 U.S.C. § 1651(a), the All Writs Act, this court, as one "established by Act of Congress," has the power to issue all writs "necessary or appropriate *in aid of* [our] *jurisdiction*" (emphasis ours). *Loshbough v. Allen,* 404 F.2d 1400, 56 CCPA 913, 160 U.S.P.Q. 204 (1969). The All Writs Act is not an independent grant of appellate jurisdiction, and, therefore, the appellate jurisdiction which the writs are "in aid of" must have some other basis. *Roche v.*

*Evaporated Milk Assoc.,* 319 U.S. 21, 23–26, 63 S.Ct. 938, 87 L.Ed. 1185 (1943). This basis, of course, must be found within the *subject matter jurisdiction* of this court, since the All Writs Act does not bestow upon this court the power to adjudicate issues falling outside of this jurisdiction. The crucial question is thus whether we have subject matter jurisdiction over the issues presented in the petition for extraordinary relief. For this reason, it is incumbent upon any petitioner seeking such relief in this court to demonstrate that we have subject matter jurisdiction over the issue involved.

The present petition arises out of an interference. Specifically, it is the result of a decision of the board which granted the senior party's request for additional discovery, made by motion under 37 CFR 1.287(b) and (c). Since there is no appeal from decisions of the board on motions, any support for the jurisdiction of this court must be found elsewhere.[1]

This court has appellate jurisdiction over interferences by virtue of 28 U.S.C. § 1542 and 35 U.S.C. § 141. The latter section limits our jurisdiction to issues involving "the question of priority," which question includes matters ancillary to priority. *Duffy v. Tegtmeyer,* 489 F.2d 745, 180 U.S.P.Q. 317 (CCPA 1974). Thus, we have no jurisdiction to entertain this petition unless it can be said to involve a matter ancillary to priority over which we would have appellate jurisdiction in the normal course of events on appeal from a decision of the board awarding priority. As shown below, this petition does not involve such a matter.

In support of their position, petitioners rely on *Cook v. Dann,* 522 F.2d 1276, 188 U.S.P.Q. 175 (CCPA 1975), in which this court rejected a challenge to its jurisdiction under the All Writs Act. In that case, Cook sought a writ of mandamus to direct the board to vacate its decision limiting the scope of discovery in an interference, an issue quite similar to that which we are now confronting. According to petitioners here, "this court held in *Cook v. Dann, Comm'r of Patents* [citation] that it had the authority to issue a writ of mandamus to review a decision by the PTO under 37 CFR 1.287 prior to a determination of priority."

We do not read *Cook* so broadly. The language relied upon here by petitioners was not intended to convey the meaning they wish to ascribe to it. In *Cook,* the court stated "The Patent [and] Trademark Office (PTO) respondents' challenge to our jurisdiction under the All Writs Act (28 U.S.C. § 1651(a)) must be rejected." 522 F.2d at 1276, 188 U.S.P.Q. at 176. We were there responding to a suggestion by the Commissioner in the PTO brief that "As previously submitted in the commissioner's opposition to the petition in *Duffy v. Tegtmeyer* [citation], *the court lacks jurisdiction to issue an order in the nature of mandamus on the commissioner in a patent case.*" (Emphasis ours.)

Thus, while it may not be clear from the face of the court's opinion in *Cook,* we did not there intend to imply that this court had jurisdiction over the action complained of by Cook. We were there dealing with this court's basic power to act under the All Writs Act in attempting to correct the erroneous interpretation of the law by the PTO to the effect that this court could *never* issue a writ of mandamus to the Commissioner in a patent case. As to the merits in *Cook,* we were of the opinion that, assum-

---

1. We, like all other federal appellate courts, are bound by the final judgment rule which limits our jurisdiction to final decisions of the PTO appeal boards, as contrasted with decisions which are merely interlocutory. See *Feigelman v. Meyers,* 476 F.2d 1375, 177 U.S.P.Q. 530 (CCPA 1973); *United States Treasury v. Synthetic Plastics Co.,* 341 F.2d 157, 52 CCPA 967, 144 U.S.P.Q. 429 (1965); *Seamless Rubber Co. v. Ethicon, Inc.,* 268 F.2d 231, 46 CCPA 950, 122 U.S.P.Q. 391 (1959). While certain excep- tions to this rule exist in order to further the interests of justice and judicial economy, *see e. g., Stabilisierungsfonds Fur Wein v. Zimmermann-Graeff KG,* 198 U.S.P.Q. 154 (CCPA 1978); *Toro Co. v. Hardigg Industries Inc.,* 549 F.2d 785, 193 U.S.P.Q. 149 (CCPA 1977); *Knickerbocker Toy Co., Inc. v. Faultless Starch Co.,* 467 F.2d 501, 59 CCPA 1300, 175 U.S.P.Q. 417 (1972), we find no reason to extend the exception to the case at bar.

ing subject matter jurisdiction to be present, we could not find an abuse of discretion on the part of the PTO. In *Cook* we did not decide whether we had jurisdiction.

The recent proliferation of petitions for extraordinary relief has caused us once more to analyze the jurisdictional basis which empowers us to grant such relief. It cannot be assumed that subject matter jurisdiction is present in every case. Even in cases where the writ does not issue, there is a significant difference between dismissing a petition for lack of jurisdiction and denying a petition for want of a good case on the merits.

In the case before us, the action complained of by petitioner would not be subject to review by this court on appeal after a determination of priority by the board. This matter relates to the scope of discovery; a witness has testified that he has certain material relevant to the interference proceeding. The opposing party seeks this material. At this stage of the proceeding, it is not known whether the requested discovery will actually lead to *legally relevant* and *admissible* evidence. This is certainly not a question of priority, and we are of the opinion that it is not ancillary to priority as the case law has developed the meaning of that term. The happenstance that the ordered discovery *might* result in evidence bearing upon or even establishing priority does not make this issue ancillary to priority.[2]

We therefore hold that we are without power to entertain *this* petition for a writ of mandamus since the matter complained of is not one which would be cognizable before this court on appeal from a decision of the board awarding priority.

The petition is *dismissed*. The motion for oral argument is *denied*.

---

2. In contrast, the question of whether evidence was properly admitted, as well as questions regarding the weight to be accorded evidence, have been held to be ancillary to priority, and, hence, reviewable by this court after a determination and award of priority. *Piel v. Falkner*, 426 F.2d 412, 57 CCPA 1132, 165 U.S.P.Q. 708 (1970).