Richard FRAIGE, Petitioner,

v.

Lutrelle F. PARKER, Acting
Commissioner of Patents and
Trademarks, Respondent.

No. 79–631.

United States Court of Customs
and Patent Appeals.

Dec. 6, 1979.

Franklin D. Wolffe, Fidelman, Wolffe &
Waldron, Washington, D.C., for Richard
Fraige.

Joseph F. Nakamura, Sol., Jere W. Sears,
Deputy Sol., of counsel, U.S. Patent and
Trademark Office, Washington, D.C., for
the Acting Commissioner.

Before MARKEY, Chief Judge, and
RICH, BALDWIN, and MILLER, Judges.

MARKEY, Chief Judge.

Petitioner Fraige requests writs of man-
damus and prohibition to the Commissioner
of Patents and Trademarks, directing him
to:

(1) make a finding of prior public use
with regard to the invention claimed in
Application Serial Number 718,800;

(2) investigate the issuance of multiple
patents on the structure disclosed and
claimed in U.S. Letters Patent No. 3,864,-
768;

(3) deny issuance of a patent on Appli-
cation Serial Number 718,800.

Fraige also requests attorneys fees and
costs relating to this petition.

The petition is *dismissed.* The request
for attorneys fees and costs is *denied.*

## Background

Wavecrest Co. and Raymond Phillips, co-
owners of U.S. application serial No. 718,-
800 ('800), filed a declaratory judgment ac-
tion in the U.S. District Court for the Cen-
tral District of California, asking that
Fraige's patent No. 3,864,768 be declared
invalid. During that litigation, Fraige dis-
covered the contents of the '800 application.
In the belief that that application claimed
the invention disclosed and claimed in his
patent, Fraige petitioned for institution of
a public use proceeding under 37 CFR 1.292.

The Commissioner referred the petition
and all related papers to the examiner in
charge of the '800 application. The exam-
iner having reported that a *prima facie*
showing of "on sale" or public use had not
been made, the Commissioner denied the
petition.

Fraige filed a second petition, again re-
questing a public use proceeding. Treating
that petition as a request for reconsidera-
tion, the Commissioner again refused to ini-
tiate the proceeding.

## OPINION

Though this court has the power under 28
U.S.C. § 1651(a) to issue all writs necessary
or appropriate in aid of its jurisdiction,
*Goodbar v. Banner,* 599 F.2d 431, 433, 202
USPQ 106, 108 (Cust. & Pat.App.1979);
*Loshbough v. Allen,* 404 F.2d 1400, 56

CCPA 913, 160 USPQ 204 (1969), § 1651(a) does not expand a court's jurisdiction. "[I]t is incumbent upon any petitioner seeking * * * [a writ of mandamus and prohibition] this court to demonstrate that we have subject matter jurisdiction over the issue involved." *Goodbar v. Banner*, 599 F.2d at 434, 202 USPQ at 108. No such demonstration has been made.

The Commissioner's action here does not frustrate our prospective jurisdiction. *See Margolis v. Banner*, 599 F.2d 435, 441, 202 USPQ 365, 371 (Cust. & Pat.App.1979). "[O]ur grant of jurisdiction does not, in the normal course of events, provide us with the authority to *directly* review or supervise the acts of the Commissioner." *Godtfredsen v. Banner*, 598 F.2d 589, 593, 202 USPQ 7, 11 (Cust. & Pat.App.1979) (emphasis in original). Because the matter complained of is not one cognizable by this court on appeal, we dismiss the petition for lack of jurisdiction.

The request for attorneys costs and fees is denied, *Meitzner v. Mindick*, 549 F.2d 775, 784, 193 USPQ 17, 24 (Cust. & Pat.App. 1976) *cert. denied*, 434 U.S. 854, 98 S.Ct. 171, 54 L.Ed.2d 124, 195 USPQ 465 (1977); *Reddy v. Dann*, 529 F.2d 1347, 1349, 188 USPQ 644, 645 (Cust. & Pat.App.1976).

*DISMISSED.*