**Glenn H. MORRIS, Petitioner,**

v.

**Sidney A. DIAMOND, Commissioner of Patents and Trademarks, and Francis G. Marshall and Edward F. Klimeck, Respondents.**

**Appeal No. 80–616.**

United States Court of Customs and Patent Appeals.

Dec. 4, 1980.

Dennis P. Clarke, Kerkam, Stowell, Kondracki & Clarke, P. C., Arlington, Va., for petitioner.

Roy C. Hopgood, Paul T. Meiklejohn, Hopgood, Calimafde, Kalil, Blaustein & Lieberman, New York City, for respondents.

Before MARKEY, Chief Judge, and RICH, BALDWIN, MILLER and NIES, Judges.

RICH, Judge.

Petitioner, Glenn H. Morris (Morris), seeks a writ of mandamus against Sidney A. Diamond, Commissioner of Patents and Trademarks (Commissioner), in interference No. 99,941, between Morris, senior party, and Francis C. Marshall and Edward F. Klimeck, junior party (Marshall).

Morris would have this court direct the Commissioner to vacate his order of April 10, 1980 (entered on his behalf by Deputy Commissioner Parker), which vacated the decision of the Board of Patent Interferences (board), dated November 30, 1979. The circumstances leading to the sequential decisions of the board and the Commissioner are set forth in the following excerpt from the unpublished opinion of Deputy Commissioner Parker supporting his aforesaid decision.

### Background

The relevant background begins with the setting of testimony and related time periods by the patent interference examiner. In an order (Paper No. 20), the patent interference examiner set the time for service under 37 CFR 1.287(a) by [Marshall] of documents and lists, if requested, to close on June 13, 1979. [Morris] timely requested documents and lists (Paper No. 23).

On June 13, 1979, [Marshall] filed a motion for an extension of time to serve documents and lists (Paper No. 27). The motion reads, in part:

"Junior Party Marshall et al hereby moves for a two week extension of time until June 27, 1979 for serving its lists of documents and things pursuant to 37 CFR 1.287(a).

\*    \*    \*    \*    \*    \*

Counsel for Senior Party Morris has agreed to the granting of this motion in a telephone discussion today [June 1979]."

On June 20, 1979, the patent interference examiner entered an order (Paper No. 28) *dismissing* the motion. According to the patent interference examiner:

"This motion is dismissed as moot. The parties may agree pursuant to 37 CFR 1.287(e) to modify the requirement for serving documents and lists of things and witnesses by agreement among themselves consistent with the schedule of times for taking testimony and filing the record.

\*    \*    \*    \*    \*    \*

The parties have . . . agreed that the party Marshall et al may serve documents and lists by June 27, 1979. Thus, there was no need to file a motion for permission from the Office to do this."

In due course, petitioners [Marshall et al.] served their documents and lists *after* June 13, 1979. On September 25, 1979, petitioners began taking their testimony. Respondent [Morris] was not represented at the taking of the testimony.

Promptly thereafter, respondent filed his motion (Paper No. 43). Respondent argued that (i) there had been no agreement to extend the time for petitioners to serve their documents and lists, (ii) the documents and lists were served after June 13, 1979–the day set by the patent interference examiner for making service, and (iii) therefore petitioners could not rely on the documents.

Affidavits and counter–affidavits, as well as argument presented on behalf of both parties, make it manifest on the present record that there is a disagreement as to whether counsel for petitioners and counsel for respondent "agreed" to extend the time for petitioners to serve their documents and lists.

In its decision, a majority of the board recognized that the "agreement" mentioned in 37 CFR 1.287(e) need not be in writing. However, the majority held that if a dispute arises as to whether there was an agreement, the board would not resolve the dispute in favor of their being an agreement unless the agreement had been reduced to writing, signed by the parties, and filed in the Patent and Trademark Office in support of an assertion that an agreement existed. Since petitioners failed to meet the standard set by the majority, the board determined that no agreement was proved. Inasmuch as petitioners did not timely serve their documents and lists, the board held that petitioners' testimony would not be considered if filed.

One member of the board concurred on narrower grounds. Examiner of Interferences Urynowicz, in a concurring opinion in the board's decision on reconsideration noted:

> "I would be willing to recognize the alleged oral agreement if Marshall had been able to establish by the weight of the evidence that such an agreement was in fact made."

## Discussion

Respondent's motion (Paper No. 43) and petitioners' petition (Paper No. 77) raise a "side–show" apart from the "main event." The purpose of an interference is to determine priority–not to determine whether counsel did or did not make an "agreement" under 37 CFR 1.287(e).

Agreements pursuant to 37 CFR 1.287(e) can, and undoubtedly do, save the parties and the Patent and Trademark Office the burden of preparing, filing, and acting on motions. As long as disputes as to the existence of an agreement do not arise, the regulation serves a useful public purpose.

However, as the record in this interference makes clear, when a dispute arises as to whether an agreement was reached, the benefit intended by the regulation becomes a nightmare for the parties and a headache for the Patent and Trademark Office.

The record shows that petitioner[s] moved (Paper No. 27) for an extension of time to serve their documents and lists. The patent interference examiner did not decide the motion on its merits. Rather, the motion was merely dismissed as moot. Such an action was not proper.

\* \* \* \* \* \*

\* \* \* [T]he patent interference examiner, under the circumstances of this case, should have granted the motion. Had this occurred, it is doubtful that the dispute would have developed over the existence or nonexistence of an agreement. In view of the above, it is not necessary to determine whether an agreement was reached. The decisions of the board are vacated and the interference is remanded to the board for further proceedings. The board is directed to reset the period for petitioners' testimony–in–chief to close and all periods thereafter. The tes-

timony already taken by petitioners may be considered in the interference, *unless* within twenty (20) days from the date of this decision respondent files in the Patent and Trademark Office a paper indicating that he wishes to cross–examine in person the witnesses already called by petitioners.[1] If respondent timely files the noted paper, petitioners' testimony already taken will be excluded and petitioners will be required to repeat their testimony within the new testimony–in–chief period to be set by the board on remand.

On August 8, 1980, the Commissioner denied a petition for reconsideration and this petition to us for a writ of mandamus followed.

## OPINION

### Oral Argument

Morris' request for oral argument is denied. Under Rule 7.1(b) of this court there is no oral argument on a petition such as this unless directed by the court. We see no need for oral argument here, where the issues are clear and the case is not complex. *Goodbar v. Banner*, 599 F.2d 431, 202 USPQ 106 (Cust. & Pat.App.1979).

### Jurisdiction

■ Jurisdiction is the threshold question in a mandamus petition. Since this court can issue a writ of mandamus under the All Writs Act, 28 U.S.C. § 1651(a), if "necessary or appropriate in aid of [our] jurisdiction," one must look to the underlying subject matter jurisdiction which would be aided by such a writ. In an appeal from an interference, the type of controversy here, our subject matter jurisdiction is based on questions of priority, including matters ancillary

to priority. *Duffy v. Tegtmeyer*, 489 F.2d 745, 180 USPQ 317 (CCPA 1974).

■ The admission of testimony relevant to a determination of priority is a matter ancillary to priority. *Piel v. Falkner*, 57 CCPA 1132, 426 F.2d 412, 165 USPQ 708 (1970). The Commissioner's decision vacated the board's decision and directed the board to admit the Marshall testimony. Therefore, the Commissioner's decision is ancillary to priority and properly within our appellate jurisdiction.*

### Merits

■ On the merits of this petition, it must be recognized that a writ of mandamus is an extraordinary remedy issued only under extraordinary circumstances, when meaningful alternatives are not available. *Kerr v. United States District Court*, 426 U.S. 394, 403, 96 S.Ct. 2119, 2124, 48 L.Ed.2d 725 (1976). Furthermore, a clear abuse of discretion must be proved by the petitioner when relief is sought from a discretionary action. *See*, e. g., *Will v. United States*, 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967); *LaBuy v. Howes Leather Co.*, 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290 (1957); and *Duffy v. Tegtmeyer*, supra.

■ Certainly, the Commissioner has the authority to settle how an Examiner of Interferences should handle a request for an extension of time when both a motion by a party and an alleged agreement by all parties to extend are simultaneously before the examiner. The question, then, becomes whether the Commissioner's action was an abuse of his discretion or inflicts an irreparable injury upon petitioner Morris.

■ No clear abuse of discretion has been proved. Morris has not irreparably lost any rights by reason of the Commissioner having allowed the admission of the

---

1. The Commissioner subsequently cancelled this deadline and indefinitely extended the response period.

* The interlocutory nature of this decision does not render it non–reviewable per se. Our juris-

diction can extend to interlocutory matters if issuance of a writ would aid our subject matter jurisdiction. *See Duffy v. Tegtmeyer*, supra at 319.

Marshall testimony by refusing to suppress it under 37 CFR 1.287(J)(1). The admissibility of this testimony is still appealable to this court after a final decision by the board. Equally important, it has not been shown that any delay in reviewing this issue would result in an irreparable injury. While we appreciate that Morris has been delayed in the taking of his own testimony, we are not persuaded that the delay caused by the orderly flow of the judicial process is an extraordinary circumstance justifying the requested relief.

The petition by Morris for a writ of mandamus is *denied*.

*DENIED*.