**Glenn H. MORRIS, Petitioner,**

v.

**Rene D. TEGTMEYER, Acting Commissioner of Patents and Trademarks, and Francis G. Marshall and Edward F. Klimeck, Respondents.**

**Appeal No. 81-586.**

United States Court of Customs and Patent Appeals.

July 23, 1981.

Roy C. Hopgood and Paul T. Meiklejohn, Hopgood, Calimafde, Kalil, Blaustein & Judlowe, New York City, for Marshal.

Before MARKEY, Chief Judge, and RICH, BALDWIN, MILLER, and NIES, Associate Judges.

## ON PETITION FOR WRIT OF MANDAMUS

RICH, Judge.

Petitioner Glenn H. Morris (Morris), seeks, for the second time, a writ of mandamus against Rene D. Tegtmeyer, Acting Commissioner of Patents and Trademarks (Commissioner), in interference No. 99,941, between Morris, senior party, and Francis C. Marshall and Edward F. Klimeck, junior party (Marshall).

Morris requests that this court vacate the following decisions in the Patent and Trademark Office (PTO): the Commissioner's decision of June 1, 1981, deferring consideration of Motions to Suppress III and IV until final hearing, and the June 4, 1981, decision of a patent interference examiner similarly deferring Motion to Suppress II.

Morris also asks us to direct the Commissioner to order the Board of Patent Interferences (board) to promptly consider and decide these motions, staying any further proceedings in this interference until a decision is reached.

*Background*

In *Morris v. Diamond*, 634 F.2d 1347, 208 USPQ 202 (CCPA 1980) *(Morris I)*, we dismissed a former petition for mandamus by Morris because it failed to set forth the compelling circumstances necessary for this extraordinary remedy. Since then, this interference has not moved appreciably closer to resolution by the board. Twenty-two papers have been filed in the PTO between *Morris I* and June 4, 1981, yet Morris still has not taken his testimony.

Morris has filed four motions to suppress the testimony on behalf of Marshall in this interference. The first motion was dealt

Dennis P. Clarke, Kerkam, Stowell, Kondracki & Clarke, P. C., Arlington, Va., for petitioner.

Joseph F. Nakamura, Sol., Fred E. McKelvey, Associate Sol., U. S. Patent and Trademark Office, Washington, D. C., for Commissioner.

with in *Morris I.* We are now concerned with the remaining three motions.

Motion to Suppress II, dated September 29, 1979, concerned an alleged failure of Marshall to reasonably notify Morris of the taking of Marshall's testimony pursuant to 37 CFR 1.273.[1] Morris contended that he was given only two working days to prepare between receiving Marshall's notice of testimony and the service of his list of witnesses and exhibits. On June 4, 1981, the interference examiner deferred this motion to final hearing without comment.

Motions to Suppress III and IV were filed on January 16, 1981, after *Morris I.* In motion III, Morris alleged that Marshall failed to timely file an original copy of their testimony pursuant to 37 CFR 1.276.[2] Motion IV was based on an alleged attempt by Marshall to thwart Morris from obtaining a copy of the testimony taken by Marshall. Both of these motions were deferred by Commissioner Diamond *sua sponte* in his decision of March 19, 1981.

This March 19 decision was in response to yet another petition by Morris, this time to direct the board to order Marshall to give a copy of his testimony to Morris. Before rendering his decision, the Commissioner set forth the following facts as of that date.

On April 10, 1980, former Acting Commissioner Parker entered an order[1] in this interference vacating a decision[2] of the Board of Patent Interferences excluding from evidence testimony taken by Marshall.

Marshall took testimony on September 25, 1979. Morris then moved (Paper No. 34) to suppress the testimony, basically on the ground that Marshall had not timely served documents under 37 CFR 1.287(a). Marshall maintained, and Morris denied, that the parties had agreed under 37 CFR 1.287(e) to extend the time for serving documents under 37 CFR 1.287(a). The board granted Morris' motion (Paper No. 34), holding (Paper No. 54) that Marshall had failed to prove the existence of an agreement under 37 CFR 1.287(e). Marshall, however, prior to serving documents under 37 CFR 1.287(a) had filed a motion (Paper No. 27) for an extension of time to serve his documents under 37 CFR 1.287(a). The patent interference examiner dismissed (Paper No. 28) the motion, because it was indicated therein that the requested time had been agreed to by Morris. Later, it turned out that the parties were unable to agree on whether they had agreed. Former Acting Commissioner Parker held that the patent interference examiner should have granted, rather than dismiss, the motion by Marshall for an extension of time. Former Acting Commissioner Parker specifically found that, but for the error by the patent interference examiner, the problems which occurred in this interference probably would not have occurred. Hence, he put the parties back to the point where the error occurred. Specifically, he gave Morris twenty (20) days to indicate whether he would like to cross-examine Marshall's witnesses. If Morris desired cross-examination, Marshall was to retake the testimony *de novo.* If Morris waived cross-examination of Mar-

---

[1] Paper No. 80, *adhered to on reconsideration,* Paper No. 100, *Mandamus denied sub. nomine Morris v. Diamond,* [634 F.2d 1347], 208 USPQ 202 (CCPA 1980).

[2] Paper No. 54, *adhered to on reconsideration,* Paper No. 66.

**1.** 37 CFR 1.273 reads, in pertinent part:

§ 1.273 *Notice of examination of witnesses.*
(a) Before the depositions of witnesses shall be taken by a party, due notice in writing shall be given to the opposing party or parties, as provided in § 1.248, of the time when and place where the depositions will be taken, of the cause or matter in which they are to be used, and the name and address of each witness to be examined; * * *.

**2.** 37 CFR 1.276 reads, in pertinent part:

The officer shall sign the certificate and affix thereto his seal of office, if he have such seal. Unless waived on the record by agreement, he shall then, without delay, securely seal in an envelope all the evidence, notices, and paper exhibits, inscribe upon the envelope a certificate giving the number and title of the case, the name of each witness, and the date of sealing, address the package, and forward the same to the Commissioner of Patents and Trademarks.

shall's witnesses, the board could consider the testimony taken on September 25, 1979 at final hearing. The choice was up to Morris.

Under well settled principals [sic], the decision by former Acting Commissioner Parker will not be reconsidered at this stage of the proceeding. 37 CFR 1.184.

After former Acting Commissioner Parker's decision, Morris sought to obtain a copy of the testimony taken by Marshall on September 25, 1979. Counsel for Morris contacted counsel for Marshall. The latter refused to tell counsel for Morris the name of the court reporter who took the testimony on September 25, 1979. Hence, Morris was unable to secure a copy of the testimony. Morris moved (Paper No. 84) to compel Marshall to provide a copy of the testimony. According to Morris, a copy of the testimony was necessary to determine whether Morris would like to cross-examine Marshall's witnesses. The board refused (Paper No. 101) to order Marshall to produce the testimony, suggesting that Marshall and Morris had equal access to the court reporter.

The petition by Morris was denied, and decisions on motions III and IV were deferred until final hearing.

Reconsideration of this decision was sought by Morris. On June 1, 1981, the Commissioner again denied Morris' petition, but not before expressing his concern about the procedural nightmare that this interference had become. The following are the background and discussion sections excerpted from the Commissioner's decision of June 1.

### Background

The file of this interference currently contains at least one-hundred and thirty-five (135) papers. Most of those papers are concerned with purely procedural issues which have arisen in the interference; very few of the papers relate to the merits.

In the decision on petition of March 19, 1981 (Paper No. 121), an attempt was made to place the interference on a course whereby a final decision could be rendered in an expeditious manner. Morris was required to make an election as to whether (1) he wished Marshall et al. to retake their testimony *de novo* or (2) whether Morris would waive cross-examination of previously taken Marshall et al. testimony. Morris timely made his election (Paper No. 122) not to cross-examine on March 24, 1981. At this point, the board was directed to, and should have, entered an order setting the remaining testimony times and a further order requiring Marshall et al. to file their previously taken testimony. The orders were to have been entered "forthwith" after Morris made his election. The orders have not been entered. After Morris made his election, no less than twelve (12) papers have been filed in the interference and the interference is no closer to a final decision today then it was on March 19, 1981.

### Discussion

The current Morris petition (Paper No. 133) is *denied.* It is true that consideration at this time of the previously filed Morris motions (Papers Nos. 104 and 105) *might* result in termination of the interference. Any termination would be based on a procedural point. It is also true, however, that consideration of those motions at this time *might not* result in a final decision in which event a final decision will be delayed. It is further true that if a final decision can be rendered on the merits, it *may* not be necessary to bottom the final decision on any procedural decision. This is the kind of case where all issues should be decided at final hearing so if there is judicial review (35 U.S.C. §§ 141–146) any reviewing court may consider all issues at one time. Under the circumstances, including the fact that the interference has become a procedural morass, it is in the *public interest* that the Morris motions be deferred to final hearing.

Having been twice rejected by the Commissioner, Morris now turns to us by his petition with the same request, to direct the board, by way of the Commissioner, to decide Motions to Suppress II, III, and IV before any further action is taken.

## OPINION

### Oral Argument

Morris's request for oral argument is denied. Under Rule 7.1(b) of this court, there is no oral argument on a petition such as this unless directed by the court. We see no need for oral argument here, where the issues are clear. *Morris v. Diamond*, supra; *Goodbar v. Banner*, 599 F.2d 431, 202 USPQ 106 (CCPA 1979).

### Jurisdiction

■ In *Morris v. Diamond*, supra, this court held that it had subject matter jurisdiction over a petition for mandamus based on interlocutory matters, i. e., the Commissioner's decision regarding the admissibility of the Marshall testimony. However, the return of this interference in the form of another petition for mandamus does not guarantee that we again have subject matter jurisdiction. Our jurisdiction turns on what the present petition asks.

Unlike the situation involved in the earlier petition, the actions Morris now complains of are not interlocutory decisions on the *substantive merits* of the motions. Rather, they simply set down *when* decisions on the motions will be made. As pointed out by the party Marshall, the *time* for reaching substantive decisions is a procedural matter well within the discretion of the Commissioner, subject, of course, to due process considerations.

*Vandenberg v. Reynolds*, 44 CCPA 873, 242 F.2d 761, 113 USPQ 275 (1975), is cited by Morris as support for the proposition that deferring consideration of a motion to suppress testimony until the final hearing before the board is a matter ancillary to priority, and thus, within our jurisdiction. In *Vandenberg* the Commissioner refused to decide an application alteration issue involved in a motion, made during an interference, to strike an application from the PTO files. A ruling on this issue was deferred by the Commissioner until *after the interference was terminated*, resolution to occur in a later *ex parte* proceeding.

*Vandenberg* was an appeal from a board decision on priority, not a petition for mandamus. The question involved was whether an alleged improper alteration of an application in a petition-to-strike context was an issue ancillary to priority. No question of *jurisdiction* was raised by either party or discussed by the court, it being assumed to exist in an appeal from an award of priority by the board. This court held that the striking of an application was a matter ancillary to priority which should have been considered inter partes, in the interest of judicial and administrative economy.

The deferral of decision of an issue ancillary to priority until after an interference is concluded is different in kind from the present situation, which involves only the question of *when*, during the interference, motions shall be decided. Decision on the present motions has only been delayed until final hearing, obviously still part of the *inter partes* proceeding. We do not consider this mere matter of timing, which is within the discretion of the Commissioner, to be a substantive issue ancillary to priority and the rationale of *Vandenberg* is not applicable. Statements there made have been taken out of context by petitioner.

■ While, as we said in *Morris I*, an interlocutory decision on the *admissibility* of evidence relating to priority is a matter ancillary to priority, i. e., a matter logically related to the outcome of a priority issue, a decision as to *when* such a decision should be made is solely a matter of timing which does not determine what is admissible,[3] is not logically related to the outcome of this dispute, and, thus, is *not* a matter ancillary

---

**3.** We note that Morris now appears to be concerned primarily with the necessity of assuming the normal burden of a party in an interference, taking one's testimony and presenting one's case, not with the admissibility of priority evidence.

to priority. Having failed to present us with a priority issue, the sole issue argued for establishing jurisdiction, we hold that we are without subject-matter jurisdiction.

Having determined that Morris has failed to show that we have jurisdiction to grant the requested writ of mandamus, we need not reach the other issues, namely, irreparable injury sufficient to justify the extraordinary remedy of mandamus, abuse of discretion by the PTO in deciding when to decide the Morris motions before us, that the writ is in aid of our jurisdiction, and the public interest in granting the writ. Though we need not reach these issues, we nevertheless state, in order to lay them to rest and assure that this interference will now be promptly terminated in the PTO, that we find no merit in any of them. If petitioner is correct, Marshall will be deprived of this support for his case. We see no extraordinary injury if the matter is deferred until final hearing.

The petition is denied.

The request for a suspension of the interference proceedings is mooted by the board's suspension of July 15, 1981,[4] and the request is dismissed.

*DENIED.*

---

**4.** Notice of and reasons for the suspension are set forth in the Commissioner's Memorandum of July 17, 1981.