**Howard SERNAKER, Petitioner**

v.

**Gerald J. MOSSINGHOFF, et al.**

**Civ. No. 84–0829.**

United States District Court,
E.D. Pennsylvania.

March 29, 1984.

Stuart E. Beck, Trachtman, Jacobs & Beck, Philadelphia, Pa., for plaintiff.

Marc J. Sonnonfeld, William J. Thomas, Morgan, Lewis & Bockius, Michael F. Petock, Philadelphia, Pa., for defendant Virginville Patents, Inc.

John Dewhirst, Arlington, Va., Stanley M. Weinberg, Asst. U.S. Atty., Philadelphia, Pa., for remaining defendants.

## MEMORANDUM

DITTER, District Judge.

In this action, plaintiff sought a temporary restraining order to prevent issuance of a patent. I refused his motion, concluding he had failed to show a likelihood of success on the merits, the possibility of irreparable harm, and that the public interest would be served by an injunction. *See United States v. Price,* 688 F.2d 204, 211 (3d Cir.1982).

Plaintiff claims the commissioner of patents abused his discretion in failing to hold a "public use proceeding," provision for which is made by 37 C.F.R. § 1.292. Because I had grave doubts about this court's jurisdiction to review the commissioner's decision, as well as doubts about whether the commissioner actually had abused his discretion, I decided plaintiff was unlikely to succeed on the merits.

▮ I have no quarrel with plaintiff's assertion that a district court has original jurisdiction to review civil actions arising under the patent laws. *See* 28 U.S.C. §§ 1338(a), 1361; 3 Chisum, *Patents* § 11.-06[3] at 11–04. This jurisdiction, however, extends only to "final" actions of the commissioner. *Phillips Petroleum Company v. Brenner,* 383 F.2d 514 (D.C.Cir.1967). In this case no "final" action has been taken. The commissioner has simply refused to conduct an administrative hearing, the need for which is vested in his discretion. 37 C.F.R. § 1.292 (after a prima facie showing the commissioner *"may"* conduct a public use hearing). *See Gatter v. Nimmo,* 672 F.2d 343 (3d Cir.1982).

▮ Even more fatal to plaintiff's position is that the party seeking judicial relief has the burden of demonstrating that jurisdiction exists. *Goodbar v. Banner,* 599 F.2d 431, 434 (C.C.P.A.1979). In the only cases on point, the courts have found jurisdiction lacking to review the commissioner's refusal to conduct a public use hearing. *Fraige v. Parker,* 610 F.2d 795, 795–96 (C.C.P.A.1979) (noting it had no authority "to directly review or supervise the acts of the Commissioner"); *Svenson v. Coe,* 101 F.2d 684, 685 (D.C.Cir.1938) ("[the commissioner's] discretionary action in this respect cannot be controlled by mandamus or injunction. His decision to hold public-use proceedings cannot be so controlled."). For this reason plaintiff has failed to carry his burden.

▮ Aside from reservations as to this court's jurisdiction, I also feel plaintiff would be hard pressed to succeed on the merits. Because of the procedural posture of this case I am not called upon to decide the public use issue *de novo,* but only to decide if the commissioner's decision was an abuse of discretion. From a review of the primary patent examiner's thorough and well reasoned opinion denying plaintiff's petition to institute public use proceedings, it is evident the patent office considered all the evidence. The patent office's refusal to conduct a public use hearing appears to have been entirely proper. In this regard, "[t]he idiosyncrasies of patent office practice ... reinforce customary doctrines of judicial restraint." *Phillips Petroleum Company v. Brenner,* 383 F.2d 514, 517 (D.C.Cir.1967).

▮ Turning to my decision that plaintiff failed to show irreparable harm, I note initially that the prior public use issue can be litigated as a defense to an infringement action. 28 U.S.C. § 1338(a). This is not, therefore, an extraordinary situation where denial of an injunction will forever bar judicial determination of a question. *See, e.g., Godtfredsen v. Banner,* 598 F.2d 589, 593 (C.C.P.A.1979) (discussing the need for a writ of mandamus). While plaintiff's continued use of the process in question may very well subject him and his customers to an infringement suit, this is not irreparable harm as is required for a temporary restraining order. *See A.O. Smith Corp. v. FTC,* 530 F.2d 515, 525 (3d Cir.1976). If plaintiff's position is correct, he will prevail in an infringement action and suffer no harm. If plaintiff loses, any harm he suffers will be deserved.

▮ Plaintiff's contention that failure to enjoin issuance of the patent will cast a "chilling effect" upon his customers is likewise unpersuasive. First, I find it uncon-

vincing as a matter of fact in that the only evidence of this phenomenon is plaintiff's hearsay declarations. Secondly, even if proved, the harm caused by this "chilling effect" would be far outweighed by the damage the patent applicant may suffer from issuance of an injunction. *See Goldhaber v. Foley,* 519 F.Supp. 466, 475 (E.D. Pa.1981).

■ A patent applicant cannot recover infringement damages for use that occurred prior to the grant of a patent. Therefore, even if it is ultimately determined that the injunction was issued in error, the patent applicant would be unable to recover the "infringement" damages it suffered during the injunction period. Conversely, if there is no injunction and the patent issues, the applicant may recover infringement damages if it ultimately prevails on the merits, or the plaintiff can successfully defend against an infringement action if his position is the correct one. In other words, refusing the injunction request will enable each party to have that to which it is entitled, while granting the injunction will delay the patent and could very well give plaintiff a windfall to which he is not entitled.

■ Finally, I decided the public interest would not be served by an injunction. It is elementary that patents are intended to promote the development of new technology by bestowing a pecuniary benefit on inventors. In the absence of very compelling reasons it would be a dangerous precedent to enjoin the grant of a patent, while others go about freely using the new technology. This is especially true in a situation like the one here presented. As counsel persuasively argued, the process in dispute is now in vogue. However, there is no guarantee it will have any pecuniary value next year, next month, or even next week. Granting an injunction would encourage continual court challenges to patent office procedures, thereby delaying patents until their value became diminished if not nonexistent. This can only serve to undermine the entire patent process established by Congress.

For all the above reasons, plaintiff's motion for a temporary restraining order was refused. A preliminary or permanent injunction hearing will be scheduled as soon as the parties resolve their outstanding discovery disputes.